IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,355-01






EX PARTE FLOYD FREDERICK MCCRARY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 21,229 IN THE 354TH DISTRICT COURT


FROM HUNT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to eight years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because he was promised by both his
attorney and the prosecution that this sentence would run concurrently with his federal sentence and
in fact, the federal system has not given him credit for time spent in Texas custody. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding whether
Applicant was informed that his state and federal sentences would run concurrently and that he
would receive federal credit for time spent in state custody. The trial court shall make findings of
fact and conclusions of law as to whether the federal system has given Applicant time credit for time
spent in state custody. The trial court shall make findings of fact and conclusions of law in regard
to Applicant's claim that his plea was involuntary. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief. The trial court shall also supplement this application with any written
plea admonishments or plea agreements that are in the trial court's record.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 4, 2009

Do not publish